UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOLMETEX, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>DENTALEZ, INC., RAMVAC DENTAL PRODUCTS, INC., and APAVIA, LLC,<br><br>          Defendants. | Civ. A. No. _____ |

### **VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT**
### (Jury Trial Demanded)

1.  Plaintiff SolmeteX, LLC ("SolmeteX") manufactures and distributes the dental industry's leading line of amalgam separators, a device that removes amalgam filling particles—which necessarily include mercury—from a dental office's wastewater stream. SolmeteX owns valuable federally registered and common law trademarks associated with its brand of separators: the Hg5 (the "Hg5 Marks").

2.  Defendants DentalEZ, Inc. ("DentalEZ"), RAMVAC Dental Products, Inc. ("RAMVAC"), and Apavia, LLC ("Apavia," collectively with DentalEZ and RAMVAC, the "Defendants") have colluded in exploiting SolmeteX's intellectual property for their own benefit by marketing and advertising a line of competing amalgam separators under the confusingly similar name "HoG." On information and belief, the Defendants intentionally copied the fundamental appearance and elements of SolmeteX's Hg5 Marks to trade on their valuable goodwill, which SolmeteX has spent over a decade developing.

3.  SolmeteX brings this action to preliminarily and permanently enjoin the Defendants' ongoing infringement practices. SolmeteX also seeks damages and attorney's fees.

## PARTIES AND JURISDICTION

4. Plaintiff SolmeteX, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 50 Bearfoot Road, Northborough, Massachusetts 01532.

5. Defendant DentalEZ, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 2500 Highway 31 South, Bay Minette, Alabama 36507.

6. Defendant RAMVAC Dental Products, Inc. is a corporation duly organized and existing under the laws of the State of South Dakota, with a principal place of business located at 212 N. Main Street, Spearfish, South Dakota 57783-4701.

7. Defendant Apavia, LLC is a limited liability company duly organized and existing under the laws of the State of Ohio, with a duly appointed Statutory Agent located at 600 Superior Avenue, E., Suite 2100, Cleveland, Ohio 44114.

8. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court has supplemental jurisdiction over the claims arising under Massachusetts law under 28 U. S. C. § 1367(a), because SolmeteX's state-law claims are so related to the claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9. The Defendants are each subject to personal jurisdiction in this district because they caused tortious injury to SolmeteX in Massachusetts through acts committed outside of Massachusetts, and because they transact business in Massachusetts, contract to provide services or things in Massachusetts, regularly do or solicit business in Massachusetts, and/or derive substantial revenue from goods used or consumed in Massachusetts.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## FACTS

### SolmeteX's Strong Hg5 Marks

11. For more than 20 years, SolmeteX has been developing and manufacturing technologies for the safe and efficient removal of metal waste from water.

12. In 2000, under the trade name and mark Hg5, SolmeteX introduced a line of amalgam separators to the dental industry. SolmeteX's Hg5 system rapidly became the industry leader in the marketplace.

13. SolmeteX manufactures and sells both the complete Hg5 filtration system and Hg5 disposable collection containers. Hg5 collection containers are generally replaced annually, depending on waste water flow rates in a given dental office.

14. SolmeteX sells the replacement collection containers and arranges for the safe disposal of spent collection containers.

15. Today, SolmeteX is the leading seller of amalgam separators in the dental market, and has sold more Hg5 separators than all other competing amalgam separators combined.

16. SolmeteX is also widely recognized as a leader in amalgam separator technology. It has been formally endorsed by state dental associations throughout the United States, and the Hg5 separator series has received multiple industry awards. Most notably, Dentaltown Magazine, which boasts "the best content from the largest dental community in the world," has awarded the Hg5 separator series its "Townie Choice Award" in the Amalgam Separator category for 12 years running. The Townie Choice award is given to the best products and services in dentistry, as voted by members of the dental profession.

17.     SolmeteX extensively markets and promotes its Hg5 Marks within the dental industry. As a result, SolmeteX has developed substantial goodwill among dentists and other dental professionals who associate the Hg5 Marks with amalgam separators manufactured by SolmeteX.

18.     To protect the substantial goodwill in and wide recognition of the Hg5 Marks within the dental industry, SolmeteX maintains two federal registrations for the words and design of the Hg5 mark.

19.     In particular, SolmeteX owns U.S. Patent and Trademark Office ("USPTO") registration number 2,560,362, for the word mark "HG5" in International Class 11 for an "amalgam separator for the removal of mercury and other contaminants from waste streams." It also owns USPTO registration number 2,623,925 for a design mark in the same International Class, covering the same use, and utilizing the same three-letter arrangement: Hg5.

20.     The USPTO registered the Hg5 word mark on April 9, 2002, and the Hg5 design mark on September 24, 2002. Both marks have been continuously in use in interstate commerce since November 26, 2000, and are thus incontestable under 15 U.S.C. § 1065.

21.     True and correct copies of SolmeteX's word mark and design mark registrations are attached hereto as Exhibits 1 and 2, respectively.

22.     Since introducing the Hg5 line of amalgam separators, SolmeteX has always referred to its products using a capitalized "H" and lower-case "g", followed by a "5" sized to match the "H", as follows:

<div style="text-align:center; font-size:2em;">Hg5</div>

23. As a result of its long, continuous, and exclusive use of the Hg5 Marks, SolmeteX has acquired valid and incontestable rights under both the Lanham Act and the common law.

**A SolmeteX Senior Executive Conspires to Steal SolmeteX's Trade Secrets**

24. On information and belief, senior executives of Enpress LLC ("Enpress"), a water filtration company and Apavia's parent company, conspired with a SolmeteX senior executive named Al Dube and others to steal SolmeteX's trade secrets and confidential information. These same individuals then formed Apavia with the express intent of creating an amalgam separator to directly compete with the Hg5.

25. During the summer of 2013 and continuing through early 2014, Dube, in direct violation of his duty to SolmeteX, forwarded highly confidential and proprietary information to Enpress executives, some of whom helped found Apavia and became Apavia executives. The misappropriated information included, without limitation: SolmeteX's commission structures for manufacturing representatives; its dealer pricing; its manufacturing processes, its manufacturing costs; its testing procedures; its key customer relationships; and its financial results and revenue projections.

26. SolmeteX carefully guards the secrecy of the above information, and has maintained a competitive advantage in the amalgam separator market as a result.

27. After secretly funneling SolmeteX's trade secrets to individuals who later became Apavia executives, Dube resigned from SolmeteX on February 26, 2014.

28. On March 31, 2014, SolmeteX commenced an action against Dube in Massachusetts Superior Court arising from his wrongful disclosure of SolmeteX's trade secrets. It later amended its complaint to add claims against Apavia, and other conspirators who

participated in the misappropriation of SolmeteX's trade secrets. The case is captioned *SolmeteX, LLC v. Al Dube, et al.*, Suffolk Superior Court Civil Action No. 14-1034F (the "State Court Action").

29. Notwithstanding the pending State Court Action, Apavia has proceeded to manufacture and market a competing amalgam separator based on SolmeteX's stolen trade secrets and confidential information. Apavia's replacement containers install directly into existing SolmeteX systems, using the exact same pin design and configuration.

**Apavia Conspires with SolmeteX's Former Resellers, DentalEZ and RAMVAC**

30. DentalEZ and RAMVAC are former SolmeteX Hg5 resellers. As resellers, DentalEZ and RAMVAC marketed SolmeteX separators under the Hg5 mark.

31. RAMVAC has historically marketed vacuum and tank systems under animal names commonly associated with the Midwest (where RAMVAC's offices are located), such as the "Badger," the "Bison," and the "Otter."

32. On information and belief, until they partnered with Apavia, the only amalgam separator that either DentalEZ or RAMVAC ever marketed was the Hg5.

33. Beginning in approximately April 2003, and continuing through April 2014, RAMVAC marketed and distributed a RAMVAC version of the Hg5. For many years, RAMVAC sold the Hg5 under the name, "DentalEZ 'RAMVAC Hg5.'" An example of one such marketing piece is attached hereto as Exhibit 3.

34. With SolmeteX's express permission, descriptions of the RAMVAC Hg5 unit, including the Installation and Maintenance Instructions for the product, prominently featured the RAMVAC name alongside SolmeteX's Hg5 Mark. A 2008 copy of the installation and maintenance instructions is attached hereto as Exhibit 4.

6

35. As recently as April 2014, RAMVAC was promoting the Hg5 through its website. In a blog post dated April 9, 2014, DentalEZ wrote: "If your office uses amalgam, be sure to use a RAMVAC® Hg5 Amalgam Separator to keep your patients safe!"

36. On a date as yet uncertain, Apavia approached RAMVAC and DentalEZ with the intention of using RAMVAC's and DentalEZ's well-known connection with the Hg5 to market Apavia's separator using intentionally similar marks.

37. Towards that end, at the Chicago Dental Society's Mid-Winter Meeting in February 2015, Apavia, DentalEZ and RAMVAC unveiled the so-called "Amalgam HoG," an amalgam separator designed and manufactured by Apavia with replacement containers designed to fit existing Hg5 installations without modification. No other amalgam separator on the market retrofits directly onto the Hg5.

38. On information and belief, in marketing the HoG separator, the Defendants are intentionally trading on SolmeteX's long-standing goodwill in the Hg5 Marks, which—until just last year—the dental market previously associated with DentalEZ and RAMVAC.

39. On information and belief, the Defendants anticipated SolmeteX's infringement claims and specifically chose the "HoG" name so they could characterize it as just another animal-named product.

40. But unlike any other RAMVAC or DentalEZ product that shares its name with an animal, the Defendants specifically chose to capitalize both the "H" and "G" on either end of their three-letter name to make those letters appear exactly as the "H" and "5" do in the Hg5 Marks, as follows:

# HoG

41.     On information and belief, the Defendants selected the HoG name precisely because it is confusingly and/or deceptively similar to the Hg5 Marks, and is likely to cause confusion in the marketplace as to the source of the Defendants' amalgam separator.

42.     Although the product's full name is apparently the "RAMVAC Amalgam HoG, powered by Apavia," the Defendants' marketing materials often refer to it simply as the "HoG," thus emphasizing its similarity in sight, sound, and commercial impression to the Hg5. For example, for the California Dental Association's meeting in August, DentalEZ invited attendees to "head over to our mechanical room" to see "the HoG." See Exhibit 5.

43.     On information and belief, at the time it approached DentalEZ and RAMVAC, Apavia was aware that DentalEZ and RAMVAC had marketed and sold the Hg5 for years, making it more likely that consumers in the dental industry would be attracted to the HoG on the mistaken belief that it comes from the same source as the Hg5.

44.     The likelihood of confusion as to the source of the HoG separator is further exacerbated by the fact that it is the only amalgam separator on the market that retrofits onto existing Hg5 installations without modification, a fact that Defendants have begun to advertise. For example, DentalEZ's website describes the HoG as a "large replacement canister [that] is universally molded to fit currently installed units." See Exhibit 6.

**DentalEZ, RAMVAC, and Apavia Have Refused to Stop Marketing the HoG**

45.     On September 4, 2015, SolmeteX sent a letter to the Defendants demanding that they immediately cease and desist all marketing of amalgam separators using the HoG name and

logo, and destroy all related promotional materials. A true and correct copy of SolmeteX's demand letter is attached hereto as Exhibit 7.

46. On September 18, 2015, DentalEZ and RAMVAC responded, claiming that the "Hg5® mark conveys a much different commercial impression than DentalEZ's HoG™ mark, such that consumer confusion is not likely" and that "DentalEZ considers this matter closed." A true and correct copy of DentalEZ's response is attached hereto as Exhibit 8.

47. Apavia has never responded to SolmeteX's demand.

## COUNT I
### Trademark Infringement

48. SolmeteX repeats and realleges each of the foregoing paragraphs as if fully restated herein.

49. SolmeteX's registered Hg5 Marks are valid and incontestable:

   a. On April 9, 2002, the USPTO registered SolmeteX's Hg5 word mark;

   b. On September 24, 2002, the USPTO registered SolmeteX's Hg5 design mark;

   c. On January 11, 2008, the USPTO issued a notice of acceptance of SolmeteX's declaration of continued use of the Hg5 word mark;

   d. On January 19, 2008, the USPTO issued a notice of acceptance of SolmeteX's declaration of continued use of the Hg5 design mark;

   e. On October 5, 2012, the USPTO issued a notice of acknowledgement of SolmeteX's declaration of incontestability of the Hg5 design mark; and

   f. On November 1, 2012, the USPTO issued a notice of acknowledgement of SolmeteX's declaration of incontestability of its Hg5 word mark.

50. Without SolmeteX's consent, the Defendants are intentionally using in interstate commerce a mark that so resembles SolmeteX's Hg5 Marks that it is likely to cause confusion

about the source and origin of the Defendants' amalgam separators, and is likely to deceive consumers as to the affiliation, connection, or association between SolmeteX and the Defendants and/or the HoG amalgam separator.

51. The Defendants' conduct infringes SolmeteX's exclusive rights in the Hg5 Marks, in violation of 15 U.S.C. § 1114 and the common law.

52. As a result of the Defendants' misconduct, SolmeteX has suffered and continues to suffer, or is likely to suffer damage to its business, its business reputation, and its goodwill.

53. Unless they are restrained, the Defendants will continue using the confusingly similar HoG mark, which will irreparably harm SolmeteX. SolmeteX has no adequate remedy at law, and is therefore entitled to a preliminary and permanent injunction restraining the Defendants, their officers, agents, and employees, and all persons acting in concert with them, from further infringement of SolmeteX's mark.

54. SolmeteX is further entitled to recover from the Defendants, jointly and severally, the actual damages it has sustained or is likely to sustain as a result of the Defendants' wrongful conduct, in an amount to be determined at trial.

55. SolmeteX is further entitled to recover from the Defendants all gains, profits, and advantages that the Defendants, or any of them, have obtained as a result of their wrongful conduct, in an amount to be determined at trial.

## COUNT II
### False Designation of Origin

56. SolmeteX repeats and realleges each of the foregoing paragraphs as if fully restated herein.

57. The Defendants' collective actions as alleged herein constitute a willful false designation of origin in violation of 15 U.S.C. § 1125(a).

58. As a result of the Defendants' misconduct, SolmeteX has suffered and continues to suffer, or is likely to suffer damage to its business reputation and goodwill.

59. Unless restrained, the Defendants will continue using the confusingly similar HoG mark, which will irreparably harm SolmeteX. SolmeteX has no adequate remedy at law, and is therefore entitled to a preliminary and permanent injunction restraining the Defendants, their officers, agents, and employees, and all persons acting in concert with them, from falsely designating the origin of the HoG.

60. SolmeteX is further entitled to recover from the Defendants the actual damages it has sustained as a result of their wrongful acts, in an amount to be determined at trial.

61. SolmeteX is further entitled to recover from the Defendants all gains, profits, and advantages that the Defendants, or any of them, have obtained as a result of their wrongful conduct, in an amount to be determined at trial.

## COUNT III
### State Law Trademark Infringement

62. SolmeteX repeats and realleges each of the foregoing paragraphs as if fully restated herein.

63. Through its continuous and longstanding use of the Hg5 Marks, SolmeteX enjoys common law rights that are superior to and have priority over any rights of the Defendants in any similar mark.

64. SolmeteX's Hg5 Marks are therefore entitled to protection under Mass. Gen. Laws c. 110H, § 13.

65. Without SolmeteX's consent, the Defendants are intentionally using a mark that so resembles SolmeteX's Hg5 Marks that it is likely to cause confusion with respect to the source and origin of the Defendants' amalgam separators, and is likely to deceive consumers as

to the affiliation, connection, or association between SolmeteX and the Defendants, and/or the HoG amalgam separator.

66. Unless restrained, the Defendants will continue using the confusingly similar HoG mark, which will irreparably harm SolmeteX. SolmeteX has no adequate remedy at law, and is therefore entitled to a preliminary and permanent injunction restraining the Defendants, their officers, agents, and employees, and all persons acting in concert with them, from falsely designating the origin of the HoG.

67. SolmeteX is therefore entitled to an injunction ordering the Defendants to stop all use of the HoG mark.

## COUNT IV
### State Law Trademark Dilution

68. SolmeteX repeats and realleges each of the foregoing allegations as if fully restated herein.

69. The Defendants' unauthorized use of the HoG mark is likely to dilute the distinctive quality of the Hg5 Marks in violation of Mass. Gen. Laws c. 110H, § 13.

70. Unless restrained, Defendants will continue using the confusingly similar HoG mark to dilute the distinctive quality of the Hg5 Marks, which will irreparably harm SolmeteX. SolmeteX has no adequate remedy at law, and is therefore entitled to a preliminary and permanent injunction restraining the Defendants, their officers, agents, and employees, and all persons acting in concert with them, from continuing to dilute the Hg5 Marks.

## COUNT V
### Violation of Mass. Gen. Laws c. 93A

71. SolmeteX repeats and realleges each of the foregoing allegations as if fully restated herein.

72. SolmeteX is engaged in trade or commerce within the meaning of Mass. Gen. Laws c. 93A, § 11.

73. The Defendants are each engaged in trade or commerce within the meaning of Mass. Gen. Laws c. 93A, § 11.

74. The Defendants have collectively engaged in unfair and deceptive conduct, and unfair methods of competition by, among other things, infringing SolmeteX's Hg5 Marks.

75. The Defendants acted willfully, with the intent to confuse and deceive members of the dental industry as to the source of the "HoG" amalgam separator and thereby unfairly compete against SolmeteX.

76. As a result of the Defendants' misconduct, SolmeteX has suffered or is likely to suffer a loss of money or property.

77. SolmeteX is therefore entitled to immediate equitable relief, including an order enjoining the Defendants from continuing to infringe SolmeteX's rights in the Hg5 Marks, and an award of actual damages, multiple damages, and attorneys' fees, in amounts to be determined at trial.

## PRAYERS FOR RELIEF

WHEREFORE, SolmeteX hereby requests that this Court:

A. Issue a short order of notice requiring Defendants to appear and show cause why an order should not enter preliminarily:

   i. Enjoining Defendants from:

      a. Selling, marketing, advertising, or distributing any product used in the collection of amalgam waste in dental waste water streams using a tradename or mark based on the word "HOG", irrespective of the manner of capitalization; and

    ii. Requiring Defendants to:

        a. Remove all labels and markings bearing the term "HOG", irrespective of the manner of capitalization or punctuation, from all products, marketing and advertising materials associated with any Apavia amalgam separator;

        b. Instruct Defendants' advertisers and agents in writing to immediately cease and desist from using or publishing any advertising, marketing or promotional materials that include the term "HOG", irrespective of the manner of capitalization or punctuation, in connection with any Apavia amalgam separator;

        c. Provide Plaintiff SolmeteX, LLC with full and complete copies of all instructions issued pursuant to paragraph ii(b) above;

        d. Remove, or cause to be removed, all product labels containing the term "HOG", irrespective of the manner of capitalization or punctuation, from any installed Apavia, DentalEZ or RAMVAC amalgam separators, including all replacement canisters; and

        e. Provide Plaintiff SolmeteX, LLC with a written certification of compliance with Paragraph ii(d) above not later than forty-five (45) after entry of this order.

B. After a hearing or otherwise upon consideration of arguments and supporting papers, issue a preliminary injunction enjoining Defendants, along with all of their officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated and/or related companies, attorneys and all persons in active concert and/or participation with the Defendants from all of the conduct listed in Sections A(i)-(ii) above.

C. Enter Judgment in SolmeteX's favor and against the Defendants on all counts, in an amount to be determined at trial.

D. Enter an order permanently enjoining and restraining each of the Defendants, along with all of their officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated and/or related companies, attorneys and all persons in active concert and/or participation with the Defendants from all of the conduct listed in Sections A(i)-(ii) above.

E. Require the Defendants to account for and pay over to SolmeteX:

    i. all actual damages the Defendants have caused SolmeteX;

    ii. all gains, profits and advantages the Defendants have derived from their infringement of the Hg5 Marks, and/or from their aforesaid acts of unfair competition and other unlawful acts; and

    iii.    any such damages the Court deems proper within the provisions of the Lanham Act and Massachusetts common law.

F. Enter an order requiring the Defendants to compensate SolmeteX for all advertising, public relations, and other related expenses that SolmeteX incurs to dispel public confusion caused by the Defendants' infringement of the Hg5 Marks, and/or by the Defendants' unfair competition, deceptive trade practices, and other unlawful acts.

G. Award treble damages to SolmeteX under 15 U.S.C. § 1117(a) and on account of the Defendants' knowing and willful violations of Mass. Gen. L. c. 93A.

H. Order the Defendants, jointly and severally, to pay interest, costs and reasonable attorneys' fees to SolmeteX.

I. Grant SolmeteX such other and further relief as the Court deems just and proper.

SOLMETEX HEREBY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

SOLMETEX, LLC,

By its attorneys:

/s/ *Daniel J. Lyne*
Daniel J. Lyne (BBO #309290)
Steven M. Veenema (BBO #672097)
Aaron D. Rosenberg (BBO #684826)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
dlyne@murphyking.com
sveenema@murphyking.com
arosenberg@murphyking.com

Dated: October 19, 2015

## VERIFICATION

I, Nick Mozzicato, declare and verify under penalty of perjury that the foregoing is true and correct. Executed on October 19, 2015.

_____
Nick Mozzicato, CEO
SolmeteX, LLC