**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                        )
**SOLMETEX, LLC,**                      )
                                        )          **CIVIL ACTION**
            **Plaintiff,**              )
                                        )          **NO. 4:15-CV-40144-TSH**
            **v.**                      )
                                        )
**APAVIA LLC, DENTALEZ INC., AND**      )
**RAMVAC DENTAL PRODUCTS INC.,**        )
                                        )
            **Defendants.**             )
_____ )

**MEMORANDUM AND ORDER ON APAVIA, LLC'S MOTION TO DISMISS**
**(Docket No. 39)**

**February 25, 2016**

**HILLMAN, D.J.**

SolmeteX, LLC (Plaintiff) and Apavia, LLC (Apavia or Defendant) manufacture

competing amalgam separators that are used to remove amalgam particles from dental wastewater

streams.  Plaintiff's amalgam separator is sold under the mark "Hg5."  Plaintiff alleges that Apavia,

as well as its distributors, RAMVAC Dental Products, Inc. (RAMVAC) and DentalEZ, Inc.

(DentalEZ), are infringing on Plaintiff's federally registered trademark by marketing their product

under the name "Amalgam HoG."  Apavia moves to dismiss all claims against it, on the ground

that it was not involved in developing the allegedly infringing name.  For the reasons set forth

below, Apavia's motion (Docket No. 39) is **_denied_**.

**Background**

The following facts, taken from Plaintiff's verified complaint and attached exhibits, are

assumed true for the purposes of this motion.  Since 2000, Plaintiff has been manufacturing and

1

distributing a line of amalgam separators under the mark "Hg5." The mark was federally registered

in 2002. Enpress, LLC (Enpress), a water filtration company, is the parent company of Apavia.

Between 2013 and 2014, one of Plaintiff's executives provided confidential information to senior

executives of Enpress. This information included Plaintiff's commission structures, dealer pricing,

manufacturing processes, manufacturing costs, testing procedures, customer relationships, and

financial results and revenue projections. Several of these Enpress executives then formed Apavia,

which began manufacturing and selling a new amalgam separator that competes with the Hg5.[1]

The two other Defendants, DentalEZ and RAMVAC, are former authorized resellers of the

Hg5. They now resell Apavia's amalgam separator instead. Plaintiff alleges that, "[o]n a date as

yet uncertain, Apavia approached RAMVAC and DentalEZ with the intention of using

RAMVAC's and DentalEZ's well-known connection with the Hg5 to market Apavia's separator

using intentionally similar marks." (Docket No. 1 at ¶ 36.) At the Chicago Dental Society's Mid-

Winter Meeting in February of 2015, Apavia, RAMVAC, and DentalEZ unveiled the new

amalgam separator, calling it the "Amalgam HoG." The full name of the new product, as shown

on product labels and marketing materials, is "RAMVAC Amalgam HoG, powered by Apavia."

(Docket No. 1-5 at 3.)

In October of 2015, Plaintiff brought the instant suit against Apavia, DentalEZ, and

RAMVAC, asserting the following counts against all Defendants: trademark infringement in

violation of 15 U.S.C. § 1114 (count I); false designation of origin in violation of 15 U.S.C.

§ 1125(a) (count II); state law trademark infringement in violation of Mass. Gen. Laws ch. 110H,

§ 13 (count III); state law trademark dilution in violation of Mass. Gen. Laws ch. 110H, § 13

---

[1] In 2014, Plaintiff initiated a lawsuit against Apavia and others for theft of trade secrets. This action is currently pending in Superior Court.

(count IV); and violation of Mass. Gen. Laws ch. 93A, § 11 (count V).  Plaintiff also moved for a preliminary injunction, which this Court denied in December of 2015, based on a low likelihood of success on the merits.  Apavia now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all counts against it.

### Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570).  Detailed factual allegations are not necessary to survive a motion to dismiss; however, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000).  In addition to the facts alleged and incorporated into the complaint, "[a] district court may also consider 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) (quoting *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 20 (1st Cir. 2003)).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  On the other hand, a court may not disregard properly pled factual allegations,

"even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556.

### Discussion

Apavia does not challenge the substance of Plaintiff's claims; instead, it argues that it cannot be held liable because it is not responsible for using the name "HoG" to market its amalgam separator.[2]  Rather, it manufactures the amalgam separator and then sells the product to RAMVAC and DentalEZ, and they decide how to market it.  According to Apavia, the complaint does not sufficiently allege that Apavia was involved in the development of the "RAMVAC Amalgam HoG" marketing campaign.   Plaintiff, in response, argues that Apavia is disputing the truth rather than the sufficiency of the facts alleged in the complaint.  Furthermore, Plaintiff argues that even if Apavia's version of the facts were true, it could still be liable for trademark infringement for having knowingly distributed its product to an infringing party.

Because Apavia has not challenged the sufficiency of Plaintiff's substantive claims, the sole issue is whether Plaintiff's complaint alleges sufficient facts to tie Apavia to the alleged illegal activities.  I find that the following facts are adequate to sustain the claims against Apavia at this stage of the lawsuit.  Apavia was formed by Enpress executives who had received confidential information from one of Plaintiff's executives.  Apavia began manufacturing a competing amalgam separator and developed a relationship with Plaintiff's former resellers, RAMVAC and DentalEZ, whereby they began distributing its new product.  Apavia, RAMVAC, and DentalEZ jointly introduced the new product to the public in February of 2015 under the allegedly infringing name "Amalgam HoG."  The product is now being distributed by RAMVAC and DentalEZ under

---

[2] At oral argument, Apavia argued for the first time that the state law claims should be dismissed because Plaintiff has failed to allege sufficient connections to the Commonwealth.  This argument was not briefed.  Accordingly, it has been waived.

the name "RAMVAC Amalgam HoG, powered by Apavia."  This name appears on product labels

and marketing materials.

Drawing all reasonable inferences in Plaintiff's favor, the facts establish a plausible claim

that Apavia was involved in the process of naming the Amalgam HoG; especially considering that

Apavia's own name is included in the product's full title.  The precise level of Apavia's

involvement is a factual matter that will be determined—and may indeed be dispositive—at a later

stage of this litigation.[3]

### Conclusion

For the reasons set forth above, Apavia's motion to dismiss (Docket No. 39) is ***denied***.

**SO ORDERED.**


/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[3] Apavia asks this Court to take judicial notice of (1) its website, which allegedly shows that it markets its amalgam separator as the "AVT Max"; and (2) the results of a Google search, using the terms "apavia amalgam separator," which allegedly reveals that the term "Amalgam HoG" is associated only with RAMVAC and DentalEZ.  Assuming arguendo that these sources would be appropriate subjects of judicial notice, they would not change the outcome of this decision. Construing reasonable inferences in Plaintiff's favor, Apavia could be involved in the naming process of the Amalgam HoG while also marketing its product under a different label.  Likewise, Apavia's involvement is not foreclosed by the Amalgam HoG's association with RAMVAC and DentalEZ.